**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| SUSAN M. HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　　　　CAUSE NO.: 1:17-CV-509-TLS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Susan M. Hicks seeks review of the final decision of the Commissioner of the

Social Security Administration denying her application for Disability Insurance Benefits and

Supplemental Security Income. The Plaintiff claims that the Administrative Law Judge (ALJ)

failed to incorporate the Plaintiff's limitations in her concentration, persistence, and pace into the

Residual Functional Capacity (RFC), and consequently, the hypothetical to the Vocational

Expert (VE) that derives from the RFC.  The Plaintiff also argues that the ALJ incorrectly

analyzed whether she has an impairment, or combination of impairments, that meets the severity

of one of the listed impairments in Appendix 1 of the relevant CFR.

For the reasons stated in this Opinion and Order, the Court finds that substantial evidence

supports the ALJ's decision, and that there is no basis to remand for further review.

**THE ALJ'S DECISION**

On September 19, 2014, the Plaintiff filed an application for disability insurance benefits

under Title II of the Social Security Act and supplemental security income. (R. at 15, ECF No.

12.) She alleged disability beginning on June 1, 2011. (*Id.*) After her claim was denied initially,

as well as upon reconsideration, the Plaintiff requested a hearing before an ALJ. (*Id.*) The Plaintiff, who was represented by an attorney, participated in a hearing before the ALJ. (*Id.*) On March 6, 2017, the ALJ issued a written decision, applying the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). (*Id.* at 16.)

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff had not engaged in substantial gainful activity (SGA) since June 1, 2011, the alleged onset date. (R. at 17.) In step two, the ALJ determines whether the claimant has a severe impairment limiting the ability to do basic work activities pursuant to § 404.1520(c) and 416.920(c). Here, the ALJ determined that the Plaintiff's impairments, including cervical and lumbar degenerative disc disease, sacroiliitis, mild joint space narrowing and osteophyte formation of the right distal IP joints/tenosynovitis, bilateral calcaneal spurring, headaches, obesity, depression, and anxiety were severe impairments because they significantly limited her ability to perform basic work activities. (R. at 17) The ALJ did not find that the Plaintiff's

2

Crohn's disease, recurrent hernia, edema, anemia, left knee pain, and rheumatoid arthritis were severe impairments that significantly limited her physical ability to do basic work activities. (R. at 18–20.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii); § 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rises to this level, she earns a presumption of disability "without considering her age, education, and work experience." § 404.1520(d); § 416.920(d). But, if the impairment(s), either singly or in combination, falls short, an ALJ must move to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do physically, despite her limitations—to determine whether she can perform this "past relevant work," § 404.1520(a)(4)(iv) and § 416.920(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience," § 404.1520(a)(4)(v) and § 416.920(a)(4)(v). In the instant case, upon review of the medical evidence, the ALJ concluded that the Plaintiff's impairments, either singly or in combination, do not meet or equal any of the listings in Appendix 1 (R. at 20), and that the Plaintiff has the RFC to perform sedentary work, as defined by § 404.1567(a) and 416.967(a),

> except: the claimant is limited to lifting, carrying, pushing, and pulling ten pounds frequently and occasionally throughout the work day. The claimant can sit at least six hours in an eight-hour workday and stand and/or walk two hours in an eight-hour workday. The claimant should not climb ropes, ladders, or scaffolds. The claimant can occasionally kneel, crouch, and crawl. The claimant can occasionally balance. The claimant can occasionally bend and stoop in addition to what is required to sit. The claimant can occasionally use ramps and stairs. Aside from use of ramps and stairs on an occasional basis, the claimant should not work upon uneven surfaces. The claimant should avoid concentrated exposure to wetness, such as when working upon wet and slippery surfaces. The claimant should avoid work

within close proximity to open and exposed heights and open and dangerous machinery, such as open flames and fast moving exposed blades. The claimant should avoid work involving concentrated exposure to vibration, such as using heavy sanders. The claimant is limited to frequent, not constant, fingering, feeling, gripping, and fine manipulation of small objects, such as a pen or paper clip. The claimant is limited to frequent, not constant, gross manipulation and handling, grasping, turning, and gripping of larger objects. The claimant is limited to superficial interaction with coworkers, supervisors, and the public, which superficial interaction defined as occasional and casual contact not involving prolonged conversation. Contact with supervisors still involves necessary instruction. Prolonged conversation is not necessary for task completion. The claimant is limited to work that involves only simple, routine, and repetitive tasks that can be learned through short demonstration and up to 30 days. The claimant can maintain the concentration required to perform simple tasks. The claimant can remember simple work-like procedures. The claimant can make simple work-related decisions. The claimant can maintain the concentration and attention as well as the persistence to perform such duties on a day-in and day-out basis, for eight hours per day, five days per week, or within some other form of full time competitive work environment.

(R. at 22–23.)

At the final step of the evaluation, the ALJ determined that the Plaintiff was not disabled because the Plaintiff could work as an address clerk, document preparer, surveillance monitor, and table worker/inspector, all of which exist in significant numbers in the economy. (R. at 32.)

The Plaintiff sought review of the ALJ's decision by the Appeals Council. (R. at 1.) The Appeals Council subsequently denied review (R. at 1), making the ALJ's decision the final decision of the Commissioner. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A claimant is disabled only if she shows an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). She has the burden of proving disability. *See* 42 U.S.C. § 423(d)(5)(A). She must establish that her physical or mental impairments "are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotations omitted). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quotations omitted).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the court conducts a "critical review of the evidence" before affirming the Commissioner's decision, and the decision cannot stand if it lacks evidentiary support or an inadequate discussion of the issues. *Id* (quotations omitted). The ALJ is

not required to address every piece of evidence or testimony presented, but the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). If the Commissioner commits an error of law, remand is warranted without regard to the volume of evidence in support of the factual findings. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).

## ANALYSIS

### A.      The ALJ's Analysis of Concentration, Persistence, and Pace in the RFC

The Plaintiff argues that the RFC, and the ALJ's hypothetical to the VE that derives from it, failed to properly account for the Plaintiff's limitations in concentration, persistence, and pace. The Plaintiff contends that though the ALJ determined at Step 3 in the RFC that "[w]ith regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations" (R. at 21), the ALJ incorrectly limited the Plaintiff to simple, routine tasks. According to the Plaintiff, "[t]his limitation is insufficient to encompass concentration, persistence, and pace" (CPP) factors. In support, the Plaintiff relies upon *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). In *Yurt*, the Seventh Circuit held that "a hypothetical . . . confining the claimant to simple, routine tasks and limited interactions with others [does not] adequately capture[] temperamental deficiencies and limitations in concentration, persistence, and pace." *Id.* at 859. Similarly, in *Craft v. Astrue*, 539 F.3d 668, 677–78 (7th Cir. 2008), the Seventh Circuit held that restricting the claimant to unskilled, simple work does not account for his difficulty with memory, concentration, and mood swings.

The ALJ detailed the following limitations regarding the Plaintiff's CPP factors in the

RFC:

> The claimant is limited to superficial interaction with coworkers, supervisors, and the public, which superficial interaction defined as occasional and casual contact not involving prolonged conversation. Contact with supervisors still involves necessary instruction. Prolonged conversation is not necessary for task completion. The claimant is limited to work that involves only simple, routine, and repetitive tasks that can be learned through short demonstration and up to 30 days. The claimant can maintain the concentration required to perform simple tasks. The claimant can remember simple work-like procedures. The claimant can make simple work-related decisions. The claimant can maintain the concentration and attention as well as the persistence to perform such duties on a day-in and day-out basis, for eight hours per day, five days per week, or within some other form of full time competitive work environment.

(R. at 22–23.)

The Court finds that the ALJ committed no reversible error when detailing the Plaintiff's

CPP limitations in the RFC, and consequently, committed no reversible error when detailing the

Plaintiff's CPP limitations in the hypothetical to the VE. Unlike hypotheticals posed by the ALJs

to the VEs in *Yurt* and *Craft*, in this case, as a part of the ALJ's consideration of the Plaintiff's

CPP factors, the ALJ did not solely limit the Plaintiff to simple, routine and unskilled tasks and

limited interactions with others. Though the ALJ here used the phrase "work that involves only

simple, routine, and repetitive tasks" (R. at 22) in regard to the Plaintiff's CPP limitations, the

ALJ accounted for the Plaintiff's moderate pace limitation by further limiting the Plaintiff to

tasks "that can be learned through short demonstration and up to 30 days." (*Id.*) The ALJ

additionally confined the Plaintiff to superficial interaction with coworkers, supervisors, and the

public—similar to the ALJ's limitations in *Yurt*— but here, the ALJ further defined the bounds

of the superficial interaction as "occasional and casual contact not involving prolonged

conversation" (R. at 22), and then explained that due to the Plaintiff's CPP limitations, this

means that though the Plaintiff can interact with a supervisor in order to receive necessary instructions for job-related tasks, this instruction cannot require prolonged conversation. Finally, the ALJ explained that the Plaintiff can maintain the concentration required to perform simple tasks, simple work-like procedures, and simple work-related decisions; and the persistence to conduct these activities day-in and day-out basis, for a specified period: eight hours per day, five days per week. (*Id.*)

Thus, the ALJ's detailed RFC analysis, and the resultant hypothetical to the VE, properly accounts for the Plaintiff's moderate CPP limitations. When considering a claimant's CPP, the Seventh Circuit has not barred the use of phrases like "simple" and "routine," but rather, requires an ALJ to detail what these phrases mean in the context of the Plaintiff's particular CPP limitations. In other words, an ALJ must provide specific and detailed limitations, rather than broad or generalized statements of "simple" or "routine" tasks. Here, the ALJ did exactly that, and provided an individualized assessment of the limitations required for the Plaintiff to participate in the workplace. These limitations are sufficient pursuant to the *Yurt* standard to encompass the Plaintiff's moderate CPP limitations.

**B.     The ALJ's Analysis of the Appendix 1 Impairments**

The Plaintiff challenges the ALJ's finding at Step 3 that her back/spine impairment does not meet or equal any listed impairment. The Listing 1.04 impairment includes disorders of the spine, such as a herniated nucleus pulposus, with evidence of "nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or

reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Part 404, Subpart P, App. 1, 1.04A.

The Plaintiff has the burden of showing that her impairments meets or equals a listing, and she must show that her impairments satisfy *all* the various criteria specified in the listing. *Maggard v. Apfel,* 167 F.3d 376, 380 (7th Cir. 1999) (emphasis added). The Court finds that the Plaintiff has failed to meet her burden in this case.

The ALJ held the following:

> The claimant also does not have an impairment that meets the criteria of Listing 1.04 (Disorders of the spine). There is no evidence of root compression, limitation of motion, motor loss, and a positive straight-leg raising test. Neither is there evidence of spinal arachnoiditis or lumbar spinal stenosis resulting in pseudoclaudication.

(R. at 20.)

The Plaintiff argues that the above analysis by the ALJ does "not adequately explain the reasoning behind the ALJ's decision," *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006), particularly because the Plaintiff points to inferential evidence in her medical record demonstrating nerve root compression. (Pl.'s Br. at 15 (citing R. at 1369, 340, 342), ECF No. 19.) In its response briefing, the Commissioner argues that the records cited by the Plaintiff do not demonstrate root compression because the records do not reference compression of a nerve root and instead, discuss a steroid injection procedure. (*See* Def.'s Resp. Br. at 7–8, ECF No. 20.)

Upon review of the lumbar spine x-rays, the Plaintiff's various treatment records, and the consultative physician's opinion, the ALJ determined that the record evidence did not demonstrate nerve root compression. Moreover, the records the Plaintiff points to in her briefing do not reference compression of a nerve root. The ALJ therefore engaged in an adequate

discussion of the record evidence and provided a "logical bridge" between the evidence and the ALJ's conclusion that the Plaintiff cannot satisfy the criteria of Listing 1.04. *See Terry*, 580 F.3d at 475.

The Plaintiff also points to three reports in her medical record of positive straight leg raising tests. (Pl.'s Br. at 15 n.31(citing R. at 344, 1313, 1323.)) Thus, the Plaintiff argues that the ALJ incorrectly held that "[t]here is no evidence of" a positive straight leg raising test. (R. at 20.)

The Court is not convinced that the ALJ found there was no evidence of a positive straight leg raising test. The ALJ held that "[t]here was no evidence of nerve root compression, limitation of motion, motor loss, *and* a positive straight leg test." (*Id.* (emphasis added).) In other words, the ALJ found that the Plaintiff cannot satisfy Listing 1.04 because the Listing requires evidence of all of the Listing 1.04 criteria—nerve root compression, limitation of motion, motor loss *and* a positive straight leg raising test—and the Plaintiff cannot show that she has an impairment demonstrating all of these criteria.

Consequently, though the Plaintiff correctly points out that there was at least one positive straight leg raising test, a positive straight leg raising test is nevertheless just one of the necessary criteria to satisfy the Listing. Therefore, any error by the ALJ (if there was such error) to identify at least one positive straight leg raising test is harmless, as it would make no difference in the outcome. Because the Plaintiff cannot meet the other criteria, the ALJ correctly concluded that the Plaintiff's impairment does not satisfy Listing 1.04.

## CONCLUSION

For the reasons stated above, the decision of the Commissioner is AFFIRMED.

SO ORDERED on January 23, 2019.

 s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT